Withers, J.
delivered the opinion of the Court.
The motion below, renewed here, was to set aside the service of process upon defendant, because the plaintiff was out of Court. The motion was refused upon the ground taken to sustain it; and so far as the reason assigned is concerned, we do not find error in the Circuit decision; for the plaintiff was in Court for the space of a year and a day, and that period should be considered as beginning from the return day of the process; and so considered, the service was within the year and day. But there is ground enough, upon another reason, why the service should be regarded as illegal; and though we would not interpolate a new motion for a party, so as to enable him to attain an ulterior end, we are not inclined to refuse a motion actually made by him, because the particular reason assigned by him, in the way of argument, is insufficient, while a good one is apparent.
The process actually served, was served at a time which, though within a year and a day, was long after the term to *3 which, on its face, it was returnable, and no alias had been issued. Though the plaintiff’s case was connected with the jurisdiction, his process was functus officio for the purpose of warranting the capture of defendant. Nor was he under the protection of the A. A. 1792, 7 Stat. 281, sec. 9, which enacts “ that all process lodged for service and actually served, (or copies left at the defendant’s place of abode,) for the Circuit Courts, after the time prescribed for the return of process,” shall be a good service for the next succeeding term. The exigency contemplated by this legislation appears in no particular in the present case; and so the defendant was illegally served.
The motion is, therefore, granted: and it is ordered that the service of the process upon the defendant be set aside.
Richardson, J. O’Neall, J. Evans, J. Wardlaw, J. and Frost, J. concurred.

Motion granted.