**Ex parte Leo A. WOLF, Jr., Relator.**

**No. 15093.**

Court of Civil Appeals of Texas, San Antonio.

May 24, 1972.

Rigley, Schwartz, Fagan & Burke, Patrick D. Burke, San Antonio, for appellant.

Ted Butler, Crim. Dist. Atty., by Louis Rodriguez, Asst. Crim. Dist. Atty., San Antonio, for appellee.

KLINGEMAN, Justice.

This is an original habeas corpus proceeding brought pursuant to Article 1824a, Vernon's Annotated Civil Statutes (Supp. 1972), in which relator, Leo A. Wolf, Jr., seeks release from the custody of the Sheriff of Bexar County, Texas. He has been released on bond pending the termination of this proceeding.

By order signed on the 2nd day of March, 1972, relator was found in contempt for failure to make child support payments, and it is ordered that relator ". . . be committed to the Bexar County Jail for a period of three (3) months and for such time thereafter until the sum of $4,500.00 is fully paid."

■ By one point of error relator asserts that he is being illegally restrained and confined without an order of commitment. The record before us does not disclose any written order of commitment pursuant to the judgment of contempt entered March 2, 1972. It is well settled that a written order of commitment, which is the warrant, order or process by which the court directs a ministerial officer to take a person to jail and to detain him there, is an essential prerequisite to the imprisonment of a person for contempt. Ex parte Hardin, 161 Tex. 567, 344 S.W.2d 152 (1961); Ex parte Martinez, 160 Tex. 328, 331 S.W.2d 209 (1960); Ex parte Arapis, 157 Tex. 627, 306 S.W.2d 884, 886 (1957). The record before us contains only the order of contempt. This order does not direct any ministerial officer to incarcerate relator. There is nothing showing that anything was ever delivered to the Sheriff.[1]

The relator is ordered discharged.

1. The case before us differs materially in this respect from the recent opinion handed down by this Court in Ex parte Lazaro, 482 S.W.2d 12 (1972). In *Lazaro*, in the order of contempt, it was ordered that relator ". . . be taken and incarcerated in the Bexar County Jail for a period of time of thirty (30) days and he is to be further incarcerated until he purges himself of his contempt by payment to Plaintiff, RACHEL L. LAZARO, the sum of FIVE HUNDRED ($500.00) DOLLARS for which he has been found to be in arrears in child support payments and in contempt and in violation of the child support orders of this Court." Such order further provides: "An order of commitment is therefore to issue to the Sheriff of Bexar County to take the person of Defendant, EDUARDO H. LAZARO, to be incarcerated as per orders of this Court above recited." In *Lazaro*, Lazaro filed in the records a certificate from the Bexar County Sheriff which provides that the relator is confined in the Bexar County Jail ". . . on Order of Contempt No. F–214, 215, as per attached copy of Order." Attached is a photostat copy of an order in contempt, including the signature of the trial judge. There are no such records in the cause before us, and the only matter therein contained pertaining to relator's confinement is the order of contempt itself.