**Ex parte Dewey Wayne CARPENTER.**

**No. 1876.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 17, 1978.

Bob Chrane, Houston, for appellant.

Charles G. Schaeffer, Vandervoort & Schaeffer, Houston, for appellee.

COULSON, Justice.

Relator, Dewey Wayne Carpenter, filed a petition for writ of habeas corpus seeking review of an order of the 311th District Court of Harris County holding him in con-

tempt for failing to comply with certain provisions of a divorce decree entered by that court. We find that one of the provisions relator was held in contempt of court for disobeying is vague and indefinite. Incarceration based on disobedience of such a provision is illegal, and, since but a single penalty was assessed against relator for his disobedience of the several provisions of the court's decree, the entire penalty must fall and the relator be released from custody.

Relator and his wife, Thelma Jean Carpenter, were divorced on March 20, 1975. The divorce decree awarded custody of their minor child to the wife and ordered relator to pay fifty dollars each month as child support and additionally provided:

> IT IS FURTHER ORDERED AND DECREED that Respondent, DEWEY WAYNE CARPENTER, timely pay for any medical, dental, and hospital charges with respect to the child to the extent such charges and expenses exceed in-force insurance coverage on such child.

Following relator's alleged failure to comply with these provisions of the decree, his wife filed a motion to have him held in contempt. The court sustained this motion and ordered relator imprisoned for ten days and until he purged himself of contempt by paying:

> (1) $650.00 arrearage in child support;
> (2) $390.75 arrearage in medical expenses;
> (3) Court costs of contempt proceeding.

Relator urges that the medical expenses provision of the divorce decree is vague and indefinite. We agree. The word "timely" is imprecise and subjective; it does not readily inform the person of the duty imposed upon him. Such an order is unenforceable and cannot support a contempt judgment. *Ex parte Slavin,* 412 S.W.2d 43 (Tex.Sup.1967).

The court affixed a single penalty for all of relator's contemptuous acts. When one penalty is affixed for more than one act of contempt, and it is found that the relator could not be held in contempt for one of the acts, the whole judgment is

tainted and void, and a person held under it is illegally restrained of his liberty. *Ex parte Stanford,* 557 S.W.2d 346 (Tex.Civ. App.—Houston [1st Dist.] 1977, no writ); *Ex parte Werner,* 496 S.W.2d 121 (Tex.Civ. App.—San Antonio 1973, no writ). *But see Ex parte Lazaro,* 482 S.W.2d 12 (Tex.Civ. App.—San Antonio 1972, writ dism'd) (void portion of contempt order stricken, remainder enforced).

Relator is ordered discharged.