**Ex parte Donald Patrick HARRIS, Relator.**

**No. 3016cv.**

Court of Appeals of Texas, Corpus Christi.

April 14, 1983.

James H. Robichaux, Harris, Cook & Browning, Corpus Christi, for appellant.

C. Gerard Miller, Jr., Corpus Christi, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

OPINION

GONZALEZ, Justice.

Relator has brought an original habeas corpus proceeding in this Court seeking his discharge from the custody of the sheriff of San Patricio County. Upon presentation of his application this Court directed the issuance of the writ and ordered his release upon the posting of the bond fixed by us.

Relator was found guilty of contempt of court by the 156th Judicial District Court of San Patricio County for allegedly violating its order in failing to make monthly payments for the support of a child as ordered in a divorce decree entered on September 8, 1982.

The divorce decree, so far as is material here reads:

"After presentation of the testimony, evidence, and argument of counsel, and after examination of the record, the Court finds:

\*   \*   \*   \*   \*   \*

f. That the parties have entered into a written agreement containing provisions for conservatorship and support of the child, a copy of which is filed in this proceeding; the agreement is in the best interest of the child and is made a part of the order of this Court. . . ."

Then, in the decretal portion of the decree the Court states:

"Based on such findings it is DECREED and ORDERED:

\*   \*   \*   \*   \*   \*

2. That the property settlement agreement of the parties be incorporated into this divorce decree. 3. That the agreement of the parties concerning conservatorship and support of the minor child is in the best interest of the child and accordingly incorporated into this divorce."

The Agreement Incident to divorce provides in part:

"6.01. *Cash Payments.* The parties agree that Donald Patrick Harris shall pay to Bettye Warren Harris child support in the amount of $300.00 per month, with the first installment due and payable on the 1st day of August, 1982, and a like installment due and payable on the first day of the month thereafter until the child reaches the age of eighteen or is otherwise emancipated."

Mr. Harris did not make child support payments in October and November of 1982, and only a partial payment of $50.00 for the month of December and no payments in January and February of 1983. (Other matters alleged by Mrs. Harris in the motion for contempt were waived by her at the time of the hearing.) Mrs. Harris filed a motion for contempt and after a hearing, the trial court found Mr. Harris in contempt and assessed punishment at 30 days in the county jail and a $250.00 fine. The trial court also ordered that Harris thereafter be confined in the county jail

until he purged himself of the contempt by paying the arrearage in the amount of $1,450.00 plus court costs and attorney's fees. He thereafter filed this proceeding.

It is Relator's contention that the trial court was without power to hold him in contempt because the divorce decree which formed the basis for contempt failed to *command* him to do or refrain from doing any act pertaining to the payment of child support. He submits that since there is no order of the court which he could have violated, the judgment of contempt and commitment order entered by the court are void. We agree.

In *Ex Parte Slavin,* 412 S.W.2d 43, 44 (Tex.1967), the Court said:

"It is an accepted rule of law that for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him .... "

The court went on to hold, citing, *Ex parte Duncan,* 42 Tex.Cr.R. 661, 62 S.W. 758 (1901), that:

'Where the court seeks to punish either by fine, arrest, or imprisonment for a disobedience of an order or command, such order or command must carry with it no uncertainty and must not be susceptible of different meanings or constructions, but must be in the *form of a command,* and, when tested by itself, must speak definitely the meaning and purpose of the court in ordering.' (Emphasis added.)

An inspection of the divorce decree reveals that the trial court failed to order or command Relator to make any child support payments whatsoever. Even though the decree did "incorporate into the divorce" the agreement of the parties which contained provisions for support of the child, such a decree cannot be enforced by contempt absent language ordering, decreeing, adjudging or otherwise directing that Rela-

tor make the child support payments. See *Ex Parte Duncan,* 462 S.W.2d 336 (Tex.Civ. App.—Houston [1st Dist.] 1970, original proceeding). See also *Ex Parte Gorena,* 595 S.W.2d 841 (Tex.1979). Also relevant is § 14.06(c) Texas Family Code (Vernon's 1975) which is the statute that deals specifically with agreements between parties concerning support of the child. The statute provides in relevant part:

"If the court finds that the agreement is in the child's best interest, its terms shall be set forth in the decree *and the parties shall be ordered to perform them.*" (Emphasis added.)

The divorce decree failed to set out the provisions for support of the child in the decree and also failed to order that the parties comply with any order of the court or agreement of the parties. As such, the trial court's divorce decree is not enforceable by contempt.

The trial court did recite in paragraph (f.) of the decree its finding "that the parties have entered into a written agreement containing provisions for conservatorship and support of the child, a copy of which is filed in this proceeding; the agreement is in the best interest of the child and is made a part of the order of the Court." This recital does not specifically order Relator to perform any act and absent language in the nature which we discussed above, cannot form the basis for a finding of contempt.

The judgment of contempt and commitment order are void and unenforceable. It is the order of this Court that Relator be discharged from the contempt judgment and that relator's sureties on the bond furnished for his release pending our decision are released from further liability.