**Ex parte Bernice WILSON, Relator in No. C–9948.**

**Ex parte James D. WILSON, Jr., Relator in No. C–9949.**

**Nos. C–9948, C–9949.**

Supreme Court of Texas.

June 27, 1990.

Rehearing Overruled Nov. 14, 1990.

James O. Terrell, Waco, for relators.

Vaughn E. Waters, Bryan, for respondent.

PER CURIAM.

These causes are related habeas corpus proceedings. Bernice Wilson and James D. Wilson, Jr., were held in contempt for violation of an order to turn over certain proceeds. Because there was no unconditional order of commitment, a majority of the court holds that relators must be discharged from custody.

Mr. and Mrs. Wilson were required pursuant to an agreed judgment to cause a certain check to be applied to debt owed to the interested party, First City, Texas–Bryan, N.A. When they failed to do so, the bank moved for and received a turn over order. Pursuant to the order, the Wilsons were to turn over the check or proceeds to the District Clerk.

On April 23, 1990, when no deposit had been made with the clerk, the bank moved for contempt for violation of the turn over order. On June 4, 1990, the court heard the motion for contempt. The trial court found that the Wilsons had violated the turnover order in that:

(1) James D. Wilson, Jr. and Bernice Wilson failed and refused to turn over to the Brazos County District Clerk the sum of $300,000.00, or any portion thereof, on or before April 20, 1990;

(2) James D. Wilson, Jr. and Bernice Wilson have continued to fail and refuse, through the date of this hearing, to turn over to the Brazos County District Clerk the sum of $300,000, or any portion thereof.

The order commanded that they be remanded to jail for 3 days, and thereafter until they paid the sum of $128,870.47, being the difference between the $300,000 referred to in the turnover order, and an amount that had been subject to garnishment. The order provides:

IT IS FURTHER ORDERED that this order of commitment be suspended until 5:00 p.m., June 5, 1990, to allow JAMES D. WILSON, JR. and BERNICE WILSON the opportunity to avoid all confinement by tendering to the Brazos County District Clerk the said sum of $128,-870.47 at or before that time.

IT IS FURTHER ORDERED that should JAMES D. WILSON, JR. and BERNICE WILSON fail to tender the said sum of money to the Brazos County District Clerk at or before 5:00 p.m., June 5, 1990, then a writ of capias shall be issued commanding the Sheriff of Brazos County, Texas to arrest JAMES D. WILSON, JR. and BERNICE WILSON and place them in confinement in the county jail of Brazos County, Texas pursuant to the terms of this Judgment and Order. The said writ of capias shall recite generally the proceedings in this case, and it shall be accompanied by a certified copy of this Judgment and Order to be served upon JAMES D. WILSON, JR. and BERNICE WILSON AS FURTHER EVIDENCE OF THE SHERIFF'S AUTHORITY.

No such capias issued. The Wilsons were incarcerated on June 5, 1990.

▇ The Wilsons have not been imprisoned pursuant to a valid order of commitment. The judgment of contempt suspends judgment, contingent upon compliance by the Wilsons prior to 5:00 that day. The order further provides that if they fail to comply, a capias would issue, reciting the facts generally, and to which the judgment would be attached. This did not happen. The Wilsons allege that no other warrant, writ, commitment, or process issued other than the order of commitment. Nothing in the record shows that it was determined that the Wilsons had failed to comply.

When punishment for contempt is suspended conditioned on compliance, the contemnor may not be imprisoned without a second unconditional commitment order, and in some circumstances, a hearing to determine whether there has been compliance. *Ex parte Arapis,* 157 Tex. 627, 306 S.W.2d 884 (1957); *Ex parte Mackie,* 727 S.W.2d 129 (Tex.App.—San Antonio 1987, habeas granted); *Ex parte Harris,* 649 S.W.2d 389 (Tex.App.—Corpus Christi 1983, habeas granted); *Ex parte Hart,* 520 S.W.2d 952, 953 (Tex.Civ.App.—Dallas, 1975, habeas granted). There is no authority for imprisoning a person under a judgment and order of commitment that require the happening of a condition that cannot be verified from the face of the orders.

A person may not be confined without a valid order of commitment. *Ex parte Barnett,* 600 S.W.2d 252 (Tex.1980); *Ex parte Martinez,* 160 Tex. 328, 331 S.W.2d 209 (1960); *Ex parte Arapis,* 157 Tex. 627, 306 S.W.2d 884 (1957). Imprisonment without a valid commitment order is a violation of due process. *Ex parte Barnett,* 600 S.W.2d 252 (Tex.1980). It is well-settled that to satisfy due process requirements, a valid commitment order is essential. *Barnett,* 600 S.W.2d at 256.

Because of conflict with *Barnett, Martinez,* and *Arapis,* a majority of the court, without hearing oral argument, grants the writs and orders relators discharged from custody. Tex.R.App.P. 122.