Ex parte Whitehead-B 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-274-CV

EX PARTE BUDDY WHITEHEAD
 
                                        

 Original Proceeding
                                                                                                    

O P I N I O N
                                                                                                    

      On the morning of Friday December 6, 1996, the court determined that Buddy Whitehead was
behind on his child-support payments, found him in contempt of court and ordered him to serve
120 days in the county jail. Whitehead was immediately taken into custody and confined in the
jail. On Tuesday December 10, he filed this application for a writ of habeas corpus, alleging that
his confinement was in violation of his due process rights because the court had not, as of that
morning, reduced its contempt finding nor commitment order to writing. We granted the
application, set this cause for a hearing, and ordered Whitehead released on bond. We now grant
the writ and order Whitehead discharged.
      "[A] written order of commitment delivered to the sheriff or other appropriate officer is
necessary to legally imprison a person." Ex parte Barnett, 600 S.W.2d 252, 256 (Tex. 1980);
also Ex parte Spencer, 508 S.W.2d 698, 700 (Tex. Civ. App.—Texarkana 1974, no writ). "An
arrest without a written commitment made for the purpose of enforcing a contempt judgment is
an illegal restraint from which the prisoner is entitled to be relieved." Ex parte Calvillo Amaya,
748 S.W.2d 224, 225 (Tex. 1988). Ex parte Arapis, 157 Tex. 627, 306 S.W.2d 884, 886 (1957). 
However, the sheriff may confine a person under the authority of a oral order for a "short and
reasonable" time while the written judgment and order are prepared for the court's signature. Ex
parte Amaya, 748 S.W.2d at 225; see also Ex parte Jordan, 865 S.W.2d 459 (Tex. 1993).
      No written order was delivered to the sheriff when he took Whitehead into custody on Friday,
December 6. Neither did the Sheriff have a written order by Monday, December 9. A three day
delay in reducing the oral confinement order to writing results in a violation of the imprisoned
party's due process rights. Id. Similarly, we hold that this three day delay in delivering a written
order to the officer confining Whitehead resulted in a violation of Whitehead's due process rights. 
See id.; Ex parte Barnett, 600 S.W.2d at 256; Ex parte Arapis, 306 S.W.2d at 886; Ex parte
Spencer, 508 S.W.2d at 700.
      Therefore, we order Whitehead released.



                                                                               REX D. DAVIS
                                                                               Chief Justice



Before   Chief Justice Davis,
            Justice Cummings, and
            Justice Vance
Writ granted
Opinion delivered and filed December 19, 1996 
Do not publish