

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00148-CV

IN RE RAMON RUIZ                                          RELATOR

------------

## ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

In five issues, Relator Ramon Ruiz seeks a writ of habeas corpus, arguing that the order jailing him for contempt for nonpayment of temporary child and spousal support is invalid. We grant the relief requested in his petition and release his bond.[2]

---

[1]*See* Tex. R. App. P. 47.4, 52.8(d).

[2]While awaiting a response from the real party in interest, this court ordered Relator discharged upon filing of a bond.

## II. Invalid Commitment Order

In his first issue, Relator complains that the commitment order is invalid. The order, which incorrectly states that Relator did not appear,[3] is entitled, "Order Holding Respondent in Contempt for Failure to Pay Child Support and Spousal Support, Granting Judgment, *and for Commitment to County Jail*."[4]  [Emphasis added.]  It contains no language directing the sheriff to take Relator into custody and merely states, "IT IS ORDERED that all writs and other process necessary for the enforcement of this order be issued."  And it does not appear from the record here that anything else was ever issued to direct the sheriff to take Relator into custody.

"A person may not be confined without a valid order of commitment." *Ex parte Wilson*, 797 S.W.2d 6, 7 (Tex. 1990) (orig. proceeding).  "A commitment order is the warrant, process, or order by which a court directs a ministerial officer to take custody of a person."  *In re Jorge*, No. 02-12-00407-CV, 2012 WL 5275343, at *1 (Tex. App.—Fort Worth, Oct. 26, 2012, orig. proceeding) (mem.

---

[3]The record of the two-day hearing reflects not only that Relator and his counsel were present but also that Relator testified.

[4]In the order, the trial court found Relator in contempt for failing to pay child support on October 1, 2012; November 15, 2012; December 15, 2012; January 15, 2013; February 15, 2013; and March 15, 2013, and failing to pay spousal support on October 15, 2012; November 1, 2012; December 1, 2012; January 1, 2013; February 1, 2013; March 1, 2013; and April 1, 2013 and ordered him "committed to the Denton County Jail for a period of 180 calendar days for each violation, the sentences to be served *consecutively*, day for day, for a total of 180 calendar days."  [Emphasis added.] As reflected by the trial judge's ruling at the hearing, sentencing Relator "to 180 days confinement," the use of "consecutively" in the order is apparently incorrect.

op.).  An order that lacks any directive to the sheriff to take a person into custody cannot constitute a commitment order.  *Id.*

Here, even though the contempt order has "for commitment to county jail" in its title and sentences Relator to commitment in the county jail, because it lacks any directive to the sheriff to take Relator into custody, and no other document was signed by the trial court or issued by the court clerk containing the required directive, Relator has been illegally restrained.  *See id.*  Therefore, we sustain Relator's first issue, and based on our disposition here, we need not reach Relator's remaining four issues.  *See* Tex. R. App. P. 47.1.

### III.  Conclusion

Having sustained Relator's first issue, we order him immediately discharged from custody, and we order Relator and any sureties discharged from all obligations on Relator's bond.

BOB MCCOY
JUSTICE

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DELIVERED:  May 30, 2013

3