**Petition for Writ of Habeas Corpus Granted and Memorandum Opinion filed October 13, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00370-CV

### IN RE CONNIE HARRISON, Relator

ORIGINAL PROCEEDING
WRIT OF HABEAS CORPUS
**311th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2006-68864**

## MEMORANDUM OPINION

On April 27, 2015, relator Connie Harrison filed a petition for writ of habeas corpus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator claims that the underlying orders of contempt and commitment signed by the Honorable Alicia Franklin on October 24, 2014 and December 18, 2014, and by the Honorable Charley Prine on April 10,

2015, are void and requests that she be discharged from confinement. On April 29, 2015, after a preliminary review of the petition, we ordered relator's release upon her posting of a bond in the amount of $500, pending a final determination of her petition. Because we conclude that relator is entitled to relief, we grant her petition for writ of habeas corpus, release her from the bond, and order her discharged from custody.

## Background

On August 6, 2014, real party in interest Clifford Harrison ("real party") filed a First Amended Motion for Enforcement of Possession and Access requesting that relator be held in contempt for violations of a Final Decree of Divorce signed by the trial court on June 21, 2010, even though the decree had been reversed on appeal on April 26, 2012. The motion also requested that relator be held in contempt of court for four violations of a Mediated Settlement Agreement ("MSA") signed by the parties on January 29, 2014. Lastly, the motion requested that relator be held in contempt for two violations of an Agreed Interim Order signed on April 10, 2014.

At the October 16, 2014 hearing on the motion for enforcement, while relator was testifying to her defense, counsel for real party interrupted and objected that relator had not filed an answer to the enforcement motion or pleaded any affirmative defenses, and moved for a directed verdict. The trial court granted a directed verdict and denied relator's request to continue her testimony.

On October 24, 2014, the trial court signed an Order of Enforcement by Contempt that: (1) found relator in contempt for eight violations of the Final

Decree of Divorce, three violations of the MSA, and one violation of the Agreed Interim Order; (2) committed relator to jail for 120 days; (3) relator pay attorney's fees and costs of $25,554.30 by November 14, 2014; (4) relator pay $500 for violations number 2, 3, 4, 5,6, and 11 for a total amount of $3,000; and (5) suspended relator's commitment to jail if relator complies with the order.

On December 9, 2014, real party filed a Second Amended Motion to Revoke Suspension of Commitment. On December 18, 2014, after a hearing, the trial court signed an order that: (1) revoked the suspension of commitment and committed relator to jail for 120 days; and (2) relator remain confined "thereafter from day to day" until she paid the $25,554.30 of attorney's fees and costs (the "December 18, 2014 Order").

At a jail review hearing on January 2, 2015, the trial court orally ordered relator released from jail and set out an installment schedule under which relator was required pay the $25,554.30 of attorney's fees and costs. This oral order was later incorporated into an order signed by the trial court on March 31, 2015. On January 5, 2015, the trial court signed an order releasing relator from jail.

On March 27, 2015, real party filed another Motion to Revoke Suspension of Commitment that alleged relator had violated the terms of the suspension of her release by failing to make two of the scheduled payments of the attorney's fees and costs awarded in the October 24, 2014 Order of Enforcement. On that same date, the trial court signed an order that relator pay the attorney's fees and costs of $25,554.30 awarded in the October 24, 2014 Order of Enforcement in certain agreed installments and dates (the "March 27, 2014 Order"). The order also provides that the parties have reached an agreement for the release of relator, but

3

that the agreement will be revoked if relator fails to comply with the terms of the agreement, including the agreed installment payments.

On April 10, 2015, the trial court signed an Order (the "April 10, 2015 Order") that: (1) found that relators had violated the terms of the March 27, 2015 Order, and (2) relator be confined and complete the 120-day commitment ordered in the October 24, 2014 Order of Enforcement and the December 18, 2014 Order.

On April 27, 2015, relator's counsel filed a petition for writ of habeas corpus with this court. On April 28, 2015, relator filed a pro se petition for writ of habeas corpus seeking the same relief as the petition filed by her counsel. Relator is not entitled to hybrid representation. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). The absence of a right to hybrid representation means relator's pro se petition will be treated as presenting nothing for this court's review. *Id.*; *In re McGraw*, 04-15-00538-CR, 2015 WL 5245272, at *1 (Tex. App.—San Antonio Sept. 9, 2015, orig. proceeding). The court will therefore consider only the petition filed by relator's counsel.

## Analysis

"A contempt order is void if it is beyond the power of the court or violates due process." *In re Office of Atty. Gen.*, 422 S.W.3d 623, 628 (Tex. 2013) (orig. proceeding). A writ of habeas corpus will issue if the trial court's contempt order is void for either of these reasons. *In re Henry*, 154 S.W.3d 594, 596 (2005) (orig. proceeding) (per curiam).

We conclude that relator's first, second, and fourth issues show that the October 24, 2014 Order of Enforcement is void. We begin by addressing the fourth issue because it entitles relator to all of the relief sought.

### A. Issue Four — the Trial Court Denied Relator Due Process by Directing a Verdict and Not Allowing Relator to Complete her Testimony.

In issue four, relator argues that the October 24, 2014 Order of Enforcement is void because the trial court denied relator her right to due process by directing a verdict and not allowing her to complete her testimony.

Civil contempt proceedings are quasi-criminal in nature, and the contemnor is entitled to procedural due process throughout the proceedings. *Ex parte Johnson*, 654 S.W.2d 415, 420 (Tex. 1983). Due process, as guaranteed by Fifth Amendment of the United States Constitution, and Art. 1, Sec. 19, of the Texas Constitution, requires "that one charged with contempt be accorded the opportunity not only to establish a complete defense, but to offer evidence and argument in extenuation of his offense and in mitigation of the penalty." *Ex parte Holden*, 144 Tex. 295, 296, 190 S.W.2d 485, 486 (1945). "To deny an accused the right to inform the court why he had not complied with its order is, in effect, to deny him a trial. That is not due process." *Id*.

At the October 16, 2014 hearing on the motion for enforcement, while relator was testifying, counsel for real party interrupted and objected that relator had not filed an answer to the enforcement motion or pleaded any affirmative defenses, and moved for a directed verdict. The trial court granted a directed verdict and denied relator's request to continue her testimony.

5

We are not aware of any authority that that requires a respondent to file an answer to a motion for enforcement and plead affirmative defenses to have the right to testify or to or to avoid a directed verdict. In fact, real party agrees in his response that there is no requirement that the respondent file a written pleading to avoid admitting the truth of the movant's allegations and that respondent may simply appear at the hearing and counter, by cross-examination or otherwise, the movant's proof.

We conclude that the trial court's directed verdict and refusal to allow relator to complete her testimony denied her right to due process. Real party argues that due process was afforded because relator was permitted to cross-examine each of real party's witnesses and she testified at the hearing. However, the record is clear that the trial court improperly granted a directed verdict and did not allow relator to complete her testimony. Accordingly, the entire October 24, 2014 Order of Enforcement is void.

## B. Issue One — the Order of Enforcement is Void to the Extent that it Punishes and Holds Relator in Contempt for Violations of the MSA.

In issue one, relator argues that the October 24, 2014 Order of Enforcement is void to the extent it is based on three violations of the child access provisions of the MSA because relator had not previously been ordered to comply with the MSA.

A party may not be held in contempt for violating an agreement between the parties unless the court has signed an order commanding the parties to comply with the agreement; merely incorporating the agreement into the order by reference is not sufficient. Such is the holding of the Supreme Court of Texas:

6

> [A] person cannot be sentenced to confinement unless the order unequivocally commands that person to perform a duty or obligation. *Ex parte Padron*, 565 S.W.2d 921, 921 (Tex. 1978) (orig. proceeding).
>
> . . .
>
> This Court has made clear that command language is essential to create an order enforceable by contempt. *See Ex parte Gorena*, 595 S.W.2d 841, 845 (Tex. 1979) (orig. proceeding); *Ex parte Padron*, 565 S.W.2d at 924; *see also Ex parte Duncan*, 42 Tex. Crim. 661, 62 S.W. 758, 760 (1901) (orig. proceeding) (stating the order alleged to have been disobeyed "must be in the form of a command"). Merely incorporating an agreement into the recitals of a divorce decree, without a mandate from the court, is not sufficient. *See, e.g., In re Dupree*, 118 S.W.3d at 916 (holding that a party cannot be held in contempt for failure to pay alimony when his agreement to pay was incorporated in the court's divorce decree without command language); *Ex parte Harris*, 649 S.W.2d 389, 391 (Tex. App.—Corpus Christi 1983, orig. proceeding) (holding that an agreement to pay child support that is incorporated in the parties' divorce decree is not enforceable by contempt because the decree did not order the parties to comply with the agreement).

*In re Coppock*, 277 S.W.3d 417, 418-19 (Tex. 2009) (orig. proceeding).

Real party argues that the MSA is enforceable by contempt because the April 10, 2014 Interim Agreed Order incorporated the MSA. Although the Interim Agreed Order states that the MSA shall be incorporated into the parties' final order following a trial on the division of the property and that the MSA shall be enforceable, it does not expressly command or order relator to comply with the MSA and does not meet the command language requirement of *In re Coppock*. The MSA was therefore not enforceable by contempt.

Additionally, "[a]n alleged contemnor cannot be held in constructive contempt of court for actions taken before the court reduces its order to writing." *Ex parte Guetersloh*, 935 S.W.2d 110, 111 (Tex. 1996). The October 24, 2014

Order of Enforcement violates this rule because its finding of contempt is based on three violations of the MSA that occurred before the MSA was incorporated by the April 10, 2014 Interim Agreed Order, namely violations 7, 8, and 9, which occurred on February 27, 2014, March 6, 2014, and March 10, 2014 respectively.

For these two reasons, the October 24, 2014 Order of Enforcement is void to the extent that it punishes and holds relator in contempt for violations of the MSA.

**C. Issue Two — the Order of Enforcement is Void to the Extent that it Punishes and Holds Relator in Contempt for Violations of the Final Decree of Divorce.**

In issue two, relator argues that the October 24, 2014 Order of Enforcement is void to the extent that it is based on violations of provisions of the Final Decree of Divorce signed on June 21, 2010, because this court reversed that decree in *Harrison v. Harrison*, 367 S.W.3d 822, 835 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (affirming the trial court's divorce decree in so far as it grants the divorce, but reversing the remainder the divorce decree).

Relator is correct. The reversal of the Final Decree of Divorce rendered it a legal nullity to the extent of the reversal. *See Bramlett v. Phillips*, 359 S.W.3d 304, 310 (Tex. App.—Amarillo 2012), *aff'd*, 407 S.W.3d 229 (Tex. 2013). Setting aside a decision "completely nullifies it, leaving it as if it had never been rendered other than as to further rights of appeal." *City of Houston v. Hotels.com, L.P.*, 357 S.W.3d 706, 717 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (quoting *Flowers v. Flowers*, 589 S.W.2d 746, 748 (Tex. Civ. App.—Dallas 1979, no writ)). A party may not be held in contempt for violation of a reversed judgment. *Flowers*, 589 S.W.2d at 748.

8

Real party attempts to rely on a docket sheet to prove the existence of an oral order of the trial court that relator comply with the Final Decree of Divorce. However, "a docket entry does not constitute a written order." *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 831 (Tex. 2005) (orig. proceeding). Texas courts have also consistently held that a party cannot be held in constructive contempt for conduct that occurs before a court's order is reduced to writing.[1] The order on which contempt is based must be written. *Ex parte Wilkins*, 665 S.W.2d 760, 761 (Tex. 1984); *Ex parte Acker*, 14-96-00353-CV, 1996 WL 183008, at *2 (Tex. App.—Houston [14th Dist.] Apr. 8, 1996, no writ).Therefore, relator could not be held in contempt for violating a docket entry that reflects an oral order of the court that was not reduced to writing.[2]

We hold that the October 24, 2014 Order of Enforcement is void to the extent that it punishes and holds relator in contempt for violations of the provisions of the reversed Final Decree of Divorce or the alleged oral order of the trial court.

### D. The October 24, 2014 Order of Enforcement is Void and All Orders Predicated on It Are Void.

"If one punishment is assessed for more than one act of contempt, and one act is not punishable by contempt, the entire judgment is void." *In re Hall*, 433 S.W.3d 203, 207 (Tex. App.—Houston [14th Dist.] 2014) (orig. proceeding) (citing *In re Henry*, 154 S.W. 3d 595, 598 (Tex. 2005) (orig. proceeding)).

---

[1] *See Ex parte Guetersloh*, 935 S.W.2d 110, 111 (Tex. 1996) (oral injunction); *In re Sellers*, 982 S.W.2d 85, 87 (Tex. App.—Houston [1st Dist.] 1998, orig. proceeding) (oral child support order); *In re Price*, 09-02-206CV, 2002 WL 1339895, at *2 (Tex. App.—Beaumont June 20, 2002, orig. proceeding).

[2] Real party also argues that relator acknowledged in a letter that the trial court had orally ordered her to comply with certain provisions of the reversed Final Divorce Decree. This letter, however, is not part of the appellate record and therefore may not be considered. In any event, as discussed above, relator may not be held in contempt for violating an oral order that was not written.

"However, where the trial court lists each failure separately and assesses a separate punishment for each failure, only the invalid portion is void; the invalid portion may be severed, and the valid portion retained." *Id.*

Here, the entire October 24, 2014 Order of Enforcement is void and is not severable because, as discussed in issue four, relator was denied her right to due process at the evidentiary hearing that formed the basis of the Order. Moreover, as discussed in issues one and two, the Order that erroneously punished relator for multiple violations of the MSA and the reversed Final Decree of Divorce did not provide separate punishments for each violation. Rather, it ordered relator to: (1) be confined for a period of 120 days, (2) pay attorney's fees and costs of $25,554.30, and (3) pay a fine of $500 for each violation. These punishments are therefore void.

An order that is predicated on an erroneous or void order is also void. *See Ex parte Abell*, 613 S.W.2d 255, 257 (Tex. 1981) (contempt judgment predicated on the violation of an erroneous discovery order is void). "Any attorney's fees based upon a void order must also be void." *Ex parte Fernandez*, 645 S.W.2d 636, 639 (Tex. App.—El Paso 1983, no writ); *In re McCray*, 05-13-01195-CV, 2013 WL 5969581, at *2 (Tex. App.—Dallas Nov. 7, 2013, orig. proceeding) ("Because the commitment order must be set aside, the trial court's finding as to the attorney's fees in the amount of $10,500 is void").

The December 18, 2014 Order found that relator had failed to comply with the terms of the October 24, 2014 Order of Enforcement and ordered relator to be confined for 120 days as ordered in the October 24, 2014 order. Because the

December 18, 2014 is predicated on the void October 24, 2014 Order of Enforcement, it is also void.

The March 27, 2015 Order orders relator to pay in various installments the attorney's fees and costs of $25,554.30 that was awarded in the October 24, 2014 Order of Enforcement. Because the March 27, 2015 Order is predicated on the void October 24, 2014 Order of Enforcement, it is also void.

The April 10, 2015 Order orders relator to be confined to complete the 120 day commitment ordered in the October 24, 2014 Order of Enforcement and the December 18, 2014 Order. Because the April 10, 2015 Order is predicated on the void October 24, 2014 Order of Enforcement, the void December 18, 2014 Order, and the void March 27, 2015 Order, it and relator's confinement are also void.

## Conclusion

As discussed above, based on issues one, two and four, we hold that the October 24, 2014 Order of Enforcement and the trial court's subsequent orders predicated thereon are void. In light of this holding, we need not address relator's other arguments and issues. We grant the petition for writ of habeas corpus and order relator discharged from custody. We further order that relator be released from the bond posted to secure her conditional release.

Finally, relator has moved to strike four documents in real party's appendix, including three orders or judgments of the trial court and a letter from relator dated September 12, 2012, as outside of the record. The motion to strike the orders and judgments of the trial court is denied because the court could properly take notice of its own orders and judgments. The motion to strike the letter from relator dated

11

September 12, 2012 is granted because this letter was not presented to the trial court as evidence in support of the First Amended Motion for Enforcement of Possession and Access. *See In re Garcia*, No. 05–04–00010–CV, 2004 WL 52080, at *1 (Tex. App.—Dallas Jan. 13, 2004, orig. proceeding) ("The Court may not consider evidence not presented to the decision maker prior to her decision on review with this Court."). Moreover, even if this court considered the letter, it would not change any of the court's holdings.

PER CURIAM

Panel consists of Justices Jamison, Busby, and Brown.