### Ex parte Carl GROTHE, Relator.

### No. 12874.

Court of Civil Appeals of Texas, Austin.

Aug. 2, 1978.

Carol E. Prater, Temple, for appellant.

Charles C. Smith, Jr., Cameron, for appellee.

SHANNON, Justice.

This is an original habeas corpus proceeding filed in this Court in which relator Carl Grothe seeks his discharge from custody of the sheriff of Milam County. Upon presentation of relator's application, this Court directed issuance of the writ and relator's release on bond.

Relator was found in contempt by the district court of Milam County. The court committed relator to jail for seven days and for such time thereafter until he purged himself of contempt by paying four months of unpaid child support payments and by disclosing to the court's receiver the location of certain farm equipment.

The contempt proceedings stem from a suit for divorce filed in the district court of Milam County by respondent Linda A. Grothe against relator. On November 9, 1976, the court ordered Carl Grothe to pay $500.00 each month as temporary alimony and child support.

The contempt judgment recites that relator was guilty of contempt by refusing to comply with the court's orders of November 9, 1976 and July 15, 1977, that required relator ". . . to pay child support in the amount of $350 per month . . ." The judgment also provided that relator was guilty of contempt by refusing to comply with an order of July 15, 1977, requiring him to disclose the location of certain farm equipment.

Relator's proof was that there was no written order of July 15, 1977, ordering relator to pay child support in any sum.

 As relator allegedly violated the orders outside the presence of the court, the alleged contempt was constructive rather than direct. For one to be held in constructive contempt for refusing to obey an order of the court, that order ". . . must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him." *Ex parte Slavin,* 412 S.W.2d 43 (Tex. 1967). If there were an order of July 15, 1977, it was oral and, as a result, cannot comply with any of the requirements of *Slavin.* It follows that the judgment of contempt for violation of the oral order of July 15, 1977, cannot stand.

The judgment of contempt did not fix separately the punishment assessed for each contemptuous act. Because relator could not be held in contempt for violation of the oral order, the entire judgment for contempt is void. *Ex parte Carpenter,* 566 S.W.2d 123 (Tex.Civ.App.1978); *Ex parte Werner,* 496 S.W.2d 121 (Tex.Civ.App.1973).

The relator is ordered discharged.