**Ex parte Woodrow Wilson MIKESKA, Relator.**

No. 17822.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 23, 1980.

Dan Hennigan, Houston, for relator.

Before PEDEN, EVANS and WARREN, JJ.

PEDEN, Justice.

In this habeas corpus proceeding Woodrow Wilson Mikeska seeks release from custody of the sheriff of Galveston County. We ordered the relator released on bond after he had served one day in jail for contempt after failing to make child support payments ordered in a divorce decree.

On December 27, 1979, a Family District Court in Galveston County noted on its docket sheet that a divorce was granted to relator and his wife on the grounds of insupportability and that child support was provided. On June 17, 1980, the trial judge signed the divorce decree, reciting that the

cause had been heard on December 27 and that relator had failed to appear and had wholly defaulted, "having entered his appearance by waiver of citation and having been duly notified of the time, date and place of trial." On June 24, 1980 (seven days after the decree was signed), relator's former wife filed a verified motion for contempt based on the decree rendered "on December 27, 1979," and on Mikeska's alleged failure and refusal to obey "the Orders herein as commanded by this Honorable Court."

The court issued an order requiring Mikeska to appear and show cause why he should not be held in contempt of the "Court's Orders on file herein." Following a hearing on August 27, 1980, the court found Mikeska guilty of contempt and ordered him confined in jail until he purged himself by paying to his former wife $4,400 "arrearage, as ordered by this court on December 27, 1979 ...," plus an attorney's fee of $1,700 and costs.

Mikeska asserts that the contempt judgment is void because 1) no decree existed, as alleged, which was enforceable by contempt, 2) the judgment is based on contemptuous acts not set forth in the motion for contempt, resulting in a denial of Mikeska's right to notice under due process of law, and 3) it is ambiguous and contains no finding as to the amount he is delinquent in his child support payments.

■ A divorce decree, like other judgments, is rendered when it is completely announced. *Corder v. Corder*, 189 S.W.2d 100 (Tex.Civ.App.1945, writ ref.).

Mikeska asserts that the contempt judgment is void because, even if the divorce decree was rendered orally on December 27, 1979, and even if it did order him to pay child support, the order was not sufficiently specific to be enforceable by contempt.

■ We agree that the oral announcement of the decree was not sufficient to support a contempt commitment and that Mikeska is entitled to release on that basis. *Ex parte Slavin*, 412 S.W.2d 43 (Tex.1967), holds that for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific, and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him.

The Supreme Court also has said that "one who is committed to jail for civil contempt should be able to find somewhere in the record the written order, which meets the requirements of *Ex parte Slavin* ... [and] [o]ral orders are poor substitutes for the requirement of one final judgment." *Ex parte Padron*, 565 S.W.2d 921, 924 (Tex. 1978). We agree with the holding in *Ex parte Grothe*, 570 S.W.2d 183, 184 (Tex.Civ. App.1978), that in cases of constructive contempt an oral order cannot comply with the requirements of *Slavin*.

It appears that the judgment of contempt assessed punishment for Mikeska's failure to make support payments both before and after the signing of the divorce decree. Punishment was not separately fixed for the two periods, and since Mikeska could not be held in contempt for violation of the oral order, the entire judgment of contempt is tainted and is void, and Mikeska was illegally restrained of his liberty. *Ex parte Grothe*, supra; *Ex parte Stanford*, 557 S.W.2d 346 (Tex.Civ.App.1977).

Having determined that the relator is entitled to relief on this basis, we need not consider his other complaints.

The relator is ordered discharged.