### Ex parte Billy Glenn BALLARD, Relator.

#### No. 12–82–0041–CV.

Court of Appeals of Texas, Tyler.

April 19, 1982.

Richard Ray, Canton, for appellant.

Dean White, Canton, for appellee.

McKAY, Justice.

This is an original habeas corpus proceeding brought by relator Billy Glenn Ballard (Ballard or relator) seeking his discharge from the custody of the Van Zandt County Sheriff.

On June 7, 1978, Judge Thomas Crofts of the 86th Judicial District Court of Van Zandt County granted relator a divorce from Judy Wanda Ballard (now Foster) and named relator managing conservator of their three children. Foster, as possessory conservator, was given reasonable visitation rights. Approximately two years later, on March 10, 1980, the 86th District Court ordered Foster's visitation rights cease until she established suitable circumstances for visitation.

Almost two years later, on January 29, 1982, the facts leading to this habeas corpus case began. On that date, Judge Glenn Ashworth held a hearing on Foster's mo-

tions to modify the March 10, 1980 order and hold Relator in contempt. At the end of this hearing, Judge Ashworth granted Foster visitation rights and stated, "Visitation will be every other weekend—no weekend—visitation will be on the first, third and fifth weekend of the month beginning Friday at 5:00 o'clock, Sunday at 6:00 o'clock."

On February 18, 1982, Judge Ashworth signed an order that relator surrender the children to Foster during two weekends of each month, "with the period of possession to begin at 7:30 p. m. on the first and third Fridays of each month and to end at 6:00 o'clock p. m. on the Sunday following each such Friday, beginning February 5, 1982." The order of the court commands Ballard to surrender the children to Foster at the south side of the square of the Walker County Courthouse in Huntsville, Texas.

On February 25, 1982, Foster filed a motion to hold Ballard in contempt, alleging he disobeyed the court order of January 29 as follows:

On Friday, February 5, 1982, [Ballard] brought the children to the agreed location at approximately 7:45 p. m., but he refused to surrender the children to the possessory conservator until a Constable in Walker County, Texas, was called who verified the orders of the court. At that time, which was approximately 9:00 o'clock p. m. [Ballard] finally surrendered the children to [Foster].

.      .      .      .      .

On Friday, February 19, 1982, [Foster] arrived at the agreed location at approximately 7:00 o'clock p. m. She waited there until approximately 9:00 o'clock p. m. and [Ballard] did not appear nor did he have anyone bring the children to the agreed location.

On March 5, 1982, Judge Richard Davis conducted a hearing on the contempt motion filed by Foster. Judge Davis held Ballard in contempt for two acts: failing to surrender the children at the beginning of the period of possession on Friday, February 5, 1982; and failing, on February 19, 1982, to deliver the children at the loca-

tion ordered by the court. Judge Davis ordered Ballard confined for thirty days, to be served on weekends.

On March 10, 1982, Ballard filed a petition for a writ of habeas corpus in this court. On March 11, 1982, we tentatively granted Ballard relief pending submission of the case.

One of the acts for which relator was held in contempt was his alleged failure to surrender the children on February 5, 1982, at the beginning of the period of possession. The written order commanding relator to surrender the children on February 5, 1982, was not signed, however, until February 18, 1982. Thus, relator was held in contempt for violating the oral order of January 29, 1982. As we view it, the dispositive question in this proceeding is whether relator may be held in contempt for violating this oral order.

To hold one in contempt for disobeying a court decree, the order "must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him." *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex.1967). *Ex parte Grothe*, 570 S.W.2d 183, 184 (Tex.Civ.App.—Austin 1978, no writ) and *Ex parte Mikeska*, 608 S.W.2d 290, 291 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ) hold that an oral order does not comply with the requirements of *Ex parte Slavin, supra* in a case of constructive contempt. Constructive contempt occurs when one violates an order outside the court's presence. *Ex parte Grothe, supra* at 184.

Relator was charged with committing constructive contempt by violating the oral court order of January 29, 1982, commanding him to surrender the children at a particular time on February 5, 1982. We agree with the *Grothe* and *Mikeska* cases that relator may not be held in constructive contempt for the alleged February 5 violation of the January 29 oral order. Since relator cannot be held in contempt for the alleged February 5 violation, and the court

found relator guilty of two acts of contempt and assessed a single punishment for both acts, the entire judgment of contempt is void. *Ex parte Dirr*, 564 S.W.2d 422, 423 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ).

The relator is ordered discharged from custody.

MOORE, J., not sitting.