**Ex parte Floyd Dale WILKINS.**

No. C–2737.

Supreme Court of Texas.

March 14, 1984.

Barfield, Kelly & Mahoney, Walter P. Mahoney, Jr., Pasadena, for relator.

Dickerson, Hamel, Early & Pennock, William L. Bowers, Jr., and James J. Hansen, Watkins & Williams, Marshall W. Watkins, Houston, for respondent.

CAMPBELL, Justice.

This is a habeas corpus proceeding. Relator, Floyd Dale Wilkins, was found, by Harris County Probate Court # 2, to be in contempt of court for violating an oral order of that court which allegedly required him to deposit certain funds in Texas and not use the funds. Wilkins was fined $500 and ordered to jail for ninety days.

Wilkins contends that he cannot be held in constructive contempt for violation of this oral order, and that the order was not specific enough to comply with due process requirements.

This Court has stated:

It is an accepted rule of law that for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him. [citations omitted]

*Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex. 1967). This Court further recognized that:

The rights of the parties under [such an order] should not rest upon implication or conjecture, but the language declaring such rights or imposing burdens should be clear, specific and unequivocal so that the parties may not be misled thereby. [citation omitted]

*Ex parte Slavin*, 412 S.W.2d at 44.

▮ The order by which Wilkins was jailed in this case was rendered orally. No written order was ever entered. No statement of facts was taken at the hearing at which the order was rendered. Thus, there is no basis for determining whether the oral order meets the requirements of *Slavin*. This State cannot be allowed to operate under a system whereby its citizens may be punished by contempt for violation of an order, the exact terms of which exist solely in the memory of the trial judge and the movants for contempt.

This Court in the case of *Ex parte Padron*, 565 S.W.2d 921, 924 (Tex.1978), further stated:

One who is committed to jail for civil contempt should be able to find somewhere in the record the written order, which meets the requirements of *Ex*

*parte Slavin,* 412 S.W.2d 43 (Tex.1967). It is the written order which is entered on the minutes, which a court is directed to sign ... and which evidences one's rights and duties. Oral orders are poor substitutes for the requirement of one final judgment.

*See also Ex parte Ballard,* 632 S.W.2d 660 (Tex.Civ.App.—Tyler 1982, no writ); *Ex parte Mikeska,* 608 S.W.2d 290 (Tex.Civ. App.—Houston [1st Dist.] 1980, no writ); *Ex parte Grothe,* 570 S.W.2d 183 (Tex.Civ. App.—Austin 1978, no writ).

■ We hold the oral order rendered by the probate court, for which Wilkins was held in contempt, does not conform to the requirements set out by this Court in *Slavin* and *Padron.*

The relator and his sureties are discharged.

SPEARS, J., filed concurring opinion in which KILGARLIN, J., joins.

SPEARS, Justice, concurring.

I concur in the result reached by the majority. I agree that the record does not provide a sufficient basis for determining whether the oral order met the requirements of *Ex Parte Slavin,* 412 S.W.2d 43 (Tex.1967). I disagree, however, with relying on *Ex Parte Padron,* 565 S.W.2d 921 (Tex.1978), to the extent that such reliance implies that an oral order can never satisfy *Slavin.*

The majority clearly holds that the order in this case was not sufficiently specific to comply with due process. The opinion leaves unclear, however, whether an oral order could ever be sufficient. I would not endorse a rule that a person could never be held in contempt for violating an oral order. An inflexible requirement of a written order in all cases is easy but unrealistic. In the busy courtrooms of this state, especially in the four largest metropolitan areas, direct, explicit orders are frequently announced from the bench, with the formal written orders to be prepared by the attorneys shortly thereafter. Oral orders in such cases should be obeyed by the parties and must be enforceable by contempt proceedings. Otherwise, a "window" period will exist during which injunctions may be violated with impunity.

In most domestic relations cases, the parties will agree on the terms of the temporary *pendente lite* orders to be pronounced by the court. This oral agreement is often reduced to memorandum form by handwriting, signed by the parties and the attorneys, and approved by the court until the typewritten order can be prepared, approved by both attorneys, and signed by the trial judge. The majority leaves unanswered the efficacy of this procedure. I would approve such a method. As a rule, lawyers cannot be expected to bring a typewritten injunction order to the hearing ready for signing, because they frequently do not know just what the trial judge will order done or enjoined.

If violations of oral orders are never punishable, a husband may with impunity beat his wife or children, or a party may freely dispose of assets or destroy property, despite a clear, definite oral order known to the contemnor to prohibit such action. A litigant should not be able to utterly disregard an order from the time it is pronounced in open court until it is finally reduced to writing and, presumably, until the party is furnished a copy of the order and reads it.

As I see it, the question is whether an order, written or spoken, is specific enough to give proper notice. The violation of a clear oral order of which the party has actual knowledge is contemptuous, just as the violation of a written order, of which the party could not reasonably have had notice, is not. When an oral order is preserved in the record, the appellate court can determine whether notice was adequate. The record should be adequate when the oral order is dictated from the bench to the court reporter or when a written memorandum is prepared and acknowledged by the trial court and the parties. Recollections and docket entries, however, are not enough.

I would hold that orders must be reduced to writing within a reasonable time under *Ex Parte Padron,* and must be unequivocal under *Ex Parte Slavin.* I would go further and hold that when an unambiguous, specific oral order is preserved in the record, and the party charged with contempt had actual notice of the order, the court can enforce it by contempt proceedings for a reasonable time until a written order can be signed.

KILGARLIN, J., joins in this concurring opinion.