**Ex parte Robert C. RUSSELL, Relator.**

No. 3–93–547–CV.

Court of Appeals of Texas,
Austin.

April 27, 1994.

Linda J. Stanley, Tomlinson & Stanley, L.L.P., Austin, for relator.

John F. Campbell, Campbell & Morgan, P.C., Austin, for real party in interest.

Before POWERS, ABOUSSIE and JONES, JJ.

POWERS, Justice.

The district court, after hearing, ordered Robert C. Russell placed in custody of the Sheriff of Travis County for failing to pay child support to his former wife, Penny Urbanczyk, according to the terms of the court's previous order of contempt and suspension of commitment.[1] *See* Tex. Family Code Ann. § 14.40 (West 1986 & Supp.1994) ("Family Code"). Russell petitioned this Court for writ of habeas corpus to secure his release. *See* Tex. Gov't Code Ann. § 22.- 221(d) (West Supp.1994); Tex.R.App.P. 120. We will order that Russell be released from custody.

## I.

█ In his first point of error Russell asserts the commitment order is void because it fails to state with particularity the time, date and place of each occasion he failed to comply with the court's earlier child-support order. Thus, he concludes, the commitment order is confusing and unclear. We agree.

█ We may not order Russell's release unless the commitment order is void, either because it exceeded the trial court's power or it deprived Russell of liberty without due process of law. *See Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex.1980); *Ex parte Alford*, 827 S.W.2d 72, 73–74 (Tex.App.—Houston [1st Dist.] 1992, orig. proceeding). Due pro-

cess of law requires that the trial court's commitment order be supported by a written judgment of contempt. *Barnett*, 600 S.W.2d at 256. If, as here, the commitment order includes the judgment of contempt, the order must contain all the legally required elements of a judgment of contempt. *Alford*, 827 S.W.2d at 74.

The Family Code requires that the following elements be included in child-support enforcement orders imposing confinement: (1) findings setting out specifically and with particularity or incorporating by reference the provisions of the order for which enforcement was sought; and (2) the date of each occasion on which the respondent failed to comply with the provision.[2] Family Code § 14.33(a) (West Supp.1994).

The court fulfilled the first statutory requirement by attaching to the commitment order the underlying order dated December 10th, as section 14.33(a) permits. The December 10th order indicates that the court ordered Russell to pay $500 per month beginning on August 7, 1992, and the same amount on the first of each month thereafter.[3] The court attempted to fulfill the second requirement by itemizing Russell's support payments for each of twelve months from November 1992 through October 1993, noting he had paid nothing or paid less than the requisite $500 each time. The court credited Russell with payments totalling $1,675. In a separate paragraph, the court stated that the arrearage since August 1992

---

1. The record reveals that on July 31, 1992, the trial court held a hearing on Urbanczyk's motion to enforce a previous child-support order. The previous child-support order is not in the record. The record does show, however, that in the hearing on July 31, 1992, the trial court found Russell in contempt for failing to pay child support in accordance with the terms of the previous order. The trial court ordered orally that Russell be held in contempt but that confinement be suspended on condition that he pay $500 each month beginning August 7, 1992, *as previously ordered*. Evidently, then, the previous child-support order required $500 monthly payments. The order resulting from the hearing on July 31, 1992 recites that Russell appeared at the hearing. As discussed in the text of our opinion, the oral order on July 31, 1992 was not reduced to writing and signed by the trial judge until December 10, 1992. Thus, so far as the record indicates,

the sole order of which Russell could be held in contempt was the order first given orally on July 31, 1992, then reduced to writing and signed by the trial judge on December 10, 1992.

2. Before its amendment, effective September 1, 1993, section 14.33(a) required the order to set forth the time and place, in addition to the date, of each occasion the relator failed to comply. Act of May 28, 1993, 73d Leg., R.S., ch. 798, § 13, 1993 Tex.Gen.Laws 3169, 3174.

3. Russell asserts in his fourth point of error that the commitment order is void because the court held him in contempt for violating the underlying order in November 1992, before it was reduced to writing and signed on December 10, 1992. We will address that contention later in our opinion.

totalled $4,825.[4] It is impossible, however, to arrive at the arrearage figure of $4,825 from the list of violations recited in the commitment order. Although the court purported to calculate the arrearage from August 1992, a period encompassing fifteen months of required payments, the court recited that Russell's first violation occurred in November 1992, and listed only twelve violations. Moreover, if Russell paid only $1,675 during a twelve-month period, the total arrearage is $4,325, not $4,825.[5] It is unclear whether the court found Russell complied with the order in August, September and October 1992, whether the court omitted listing one or more violations, or whether the court merely miscalculated the arrearage.

▇ Urbanczyk argues the commitment order is not void because Russell stipulated that the court ordered him to pay $500 per month and he had not paid it. Such a stipulation does not relieve the trial court of its responsibility, under Family Code section 14.33, to note specifically the date of each instance of non-compliance. *Ex parte Sinclair*, 746 S.W.2d 956, 958 (Tex.App.—Houston [14th Dist.] 1988, orig. proceeding).

Holding the commitment order does not comply with the requirements of section 14.33 of the Family Code, we sustain Russell's first point of error.

## II.

Russell asserts in his fourth point of error that the confinement order is void because it is based in part on acts not punishable by contempt. The trial court's contempt order was rendered orally in the hearing on July 31, 1992. The order was not reduced to writing and signed by the trial court until December 10, 1992, over four months later. Russell argues that he may not lawfully be held in contempt for violating the order so long as it remained unwritten, that is, between July 31, 1992, and December 10, 1992.

And because the trial court found him in contempt for failing to pay child support during this period as well as thereafter, without distinction between the two periods, the entire commitment order is void. We agree.

▇ In order for a person to be held in contempt for violating a court order, the order must set forth the details of compliance in clear, specific, and unambiguous terms. *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex. 1967). Further, "[o]ne who is committed to jail for contempt should be able to find somewhere in the record the *written* order which meets the requirements of *Ex parte Slavin*." *Ex parte Padron*, 565 S.W.2d 921, 924 (Tex. 1978) (emphasis added). This Court has previously held that an oral order does not comply with the requirements of *Slavin* and that a judgment of constructive contempt may not rest upon violation of an oral order. *Ex parte Grothe*, 570 S.W.2d 183, 184 (Tex. Civ.App.—Austin 1978, orig. proceeding). For want of a written order in this record before December 10, 1992, the trial court may not hold Russell in contempt for failing to pay support on November 1, 1992, and December 1, 1992. *See Ex parte Ballard*, 632 S.W.2d 660, 661 (Tex.App.—Tyler 1982, orig. proceeding) (holding court could not adjudge relator in constructive contempt for violation of order occurring between time of hearing and signing of order); *Ex parte Mikeska*, 608 S.W.2d 290, 291 (Tex.Civ. App.—Houston [1st Dist.] 1980, orig. proceeding) (holding court could not hold relator in contempt for failing to pay support as ordered at hearing before divorce decree was signed months later). Moreover, the trial court assessed a single punishment for Russell's violations occurring both before and after the order was reduced to writing and signed.[6] If one punishment is assessed for multiple acts of contempt, and one of those acts is *not* punishable by contempt, the entire judgment is void. *Ex parte Davila*, 718

---

4. In an apparent misprint, the court confusingly stated in another paragraph that the arrearage of $4,825 was calculated from August 1993, three months before the hearing.

5. $500 × 12 months = $6,000; $6,000 − $1,675 = $4,325.

6. After listing each of Russell's violations of the December 10th order the trial court stated, "the respondent is guilty of contempt and sentenced to 180 days in jail beginning October 15, 1993 and continuing from day to day until the sentence has been served and until all arrears ... are paid in full."

S.W.2d 281, 282 (Tex.1986).[7] We sustain Russell's fourth point of error.

In light of our disposition of Russell's first and fourth points of error, we do not address his remaining points of error.

We hold the commitment order is void and order that Russell be discharged from the custody of the Sheriff of Travis County.

---

**7.** It is possible to sever the invalid portion of a contempt judgment, leaving the remainder intact, if the trial court assesses a separate punishment for each instance of non-compliance with the underlying order. *Ex parte Linder*, 783 S.W.2d 754, 758 (Tex.App.—Dallas 1990, orig. proceeding). In *Linder* the trial court sentenced the relator to 180 days for each separate count of nonpayment, with the sentences to run concurrently. *Id.* at 756.