In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-206 CV


____________________



IN RE CLINT R. PRICE






Original Proceeding






OPINION
 The trial court held relator, Clint R. Price, in contempt for failing to pay child
support and temporary alimony and ordered him confined in the Hardin County Jail. Price
filed his petition for writ of habeas corpus, after which this court ordered him released
upon the posting of a $500 bond. See Tex. Gov't Code Ann. § 22.221(d) (Vernon Supp.
2002). 

 Price contends that certain provisions of the temporary order signed by the trial
court are indefinite, ambiguous, and uncertain and not enforceable by contempt. 
Specifically, he claims the temporary order (1) does not identify, for purposes of child
support, the obligor and the obligee, and (2) does not identify, for purposes of alimony,
the period of payment or the obligor and the obligee. 

 The problem here stems from the use of a form order requiring selections the trial
court did not make. The temporary order provides in part as follows:

 3. CHILD SUPPORT: Husband/Wife shall pay to Wife/Husband as and for
support of the minor child/ren the sum of $ 625.00 per week / two weeks /
month with the first payment due and payable on the 18th day of January,
2002, payable as follows through the Hardin County Child Support Office[.]

 . . . .

 5. TEMPORARY ALIMONY: Husband/Wife shall pay to Wife/Husband
(in addition to any child support above ordered) support of $600 per week
/ two weeks / month, beginning on the 18th day of January, 2002, payable
through the Hardin County Child Support Office . . . . 


The term of payment for the child support is monthly, as indicated by the manual crossing
out of "per week" and "two weeks" on the form. However, there is no designation on the
form -- by circling, crossing out, or otherwise -- of which party is ordered to pay child
support. Similarly, in the temporary alimony section, there is no designation of the obligor
and the obligee, and there is no indication of the term of payment (i.e., weekly, bi-weekly,
or monthly). 

Standard of Review


 An original habeas corpus proceeding is a collateral attack on a contempt judgment. 
Ex parte Rohleder, 424 S.W.2d 891, 892 (Tex. 1967). A relator is entitled to discharge
if the order underlying the contempt is void. Ex parte Tanner, 904 S.W.2d 202, 203 (Tex.
App.--Houston [14th Dist.] 1995, orig. proceeding). 

 A trial court has broad discretion in enforcing its orders; one method of
enforcement is through an order of contempt. Ex parte Roan, 887 S.W.2d 462, 464 (Tex.
App.--Dallas 1994, orig. proceeding). "Contempt of court is broadly defined as
disobedience to or disrespect of a court by acting in opposition to its authority." Ex parte
Chambers, 898 S.W.2d 257, 259 (Tex. 1995). There are two types of contempt: direct
contempt involves disobedience or disrespect occurring within the trial judge's presence,
while constructive (or indirect) contempt takes place outside the court's presence. Id. In
this case, the alleged violation of the court order occurred outside the trial judge's presence
and falls within the category of constructive contempt. 

 As punishment for failing to obey the temporary order, the trial court ordered Price
jailed. In a criminal contempt conviction for disobedience of a court order, the trial court
must be shown proof beyond a reasonable doubt of the following: (1) a reasonably specific
order; (2) a violation of the order; and (3) the willful intent to violate the order. 
Chambers, 898 S.W.2d at 259. Price is challenging the specificity of the underlying
temporary order. 

 To meet the specificity requirement, the underlying order must set out the terms of
compliance in clear, specific, and unambiguous terms so that the person charged with
obeying the decree will readily know exactly what duties and obligations are imposed. Id.
at 260. The underlying order is not sufficient to support a judgment of contempt when 
its interpretation requires inferences about which reasonable persons might differ. Id. 

Analysis


 Although it is clear the trial court intended child support to be paid, the written
temporary order, as noted above, does not designate who will pay it. Wendy Price
maintains it is clear from the record of the January 17, 2002, hearing on the temporary
order that the husband (relator) was the one to pay the child support. Even if that is
correct, a trial court cannot rely on an oral order of child support to find someone in
constructive contempt. See Ex parte Grothe, 570 S.W.2d 183, 184 (Tex. Civ. App.--Austin 1978, orig. proceeding). 

 Wendy Price appears to argue that since the trial court's oral order is found in the
reporter's record transcribed for the January 2002 hearing on the temporary order, the
requirement of a written order is satisfied. See Ex parte Wilkins, 665 S.W.2d 760, 762
(Tex. 1984) (Spears, J., concurring). In his concurring opinion in Wilkins, Justice Spears
stated that "when an unambiguous, specific oral order is preserved in the record, and the
party charged with contempt had actual notice of the order, the court can enforce it by
contempt proceedings for a reasonable time until a written order can be signed." Id. 
Texas courts have not adopted this position. Further, the instant case is distinguishable
from Wilkins. Here the problem is not one of delay, but of the failure of the written order
to reflect the content of the oral order. Statements at the hearing on the temporary order
are not a substitute for what is omitted from the written order.

 When considering, in the contempt context, a violation occurring between the date
of an oral order and the date of its reduction to writing, Texas courts have consistently
held that a contemnor cannot be held in constructive contempt for conduct that occurs
before the court's order is reduced to writing. See Ex parte Guetersloh, 935 S.W.2d 110,
111 (Tex. 1996) (oral injunction); Ex parte Price, 741 S.W.2d 366, 367-68 (Tex. 1987)
(oral injunction); In re Sellers, 982 S.W.2d 85, 87 (Tex.App.--Houston [1st Dist.] 1998,
orig. proceeding) (oral child support order). The inference is that an oral order is
insufficient to hold a person in constructive contempt -- whether the oral order is one
requiring the payment of child support or one enjoining a party from certain conduct. 
Here, the contempt judgment cannot rest on an oral court order; neither may contempt rest
on an underlying written order that lacks the specificity required by Texas law.

 On appeal, Wendy Price points out that the Texas Family Code gives the person
appointed as the sole managing conservator the exclusive right, unless limited by court
order, to receive child support. See Tex. Fam. Code Ann. § 153.132 (Vernon 1996). 
In view of her appointment as the managing conservator and pursuant to the statutory
provision, she argues she is the only one who can receive the child support. But even if
she is correct, the temporary order does not order Mr. Price to pay child support. We
cannot supply a term not contained in the underlying written order. 

 Ms. Price also directs us to the May 2002 hearing on the motion to enforce the
temporary order wherein relator appears to concede he understood he was to pay child
support. We simply note that any statement made by relator in the enforcement hearing
does not cure the substantive omission from the written order. The omission may be
subject to correction by a nunc pro tunc order. Such an order would not support criminal
contempt punishment for violations that occurred prior to its issuance date. See Ex parte
Guetersloh, 935 S.W.2d at 111 (A contemnor cannot be held in constructive contempt for
conduct occurring before the court's order is reduced to writing.). 

 Like the child support section of the temporary order, the alimony provision suffers
from a lack of specificity. The order is silent regarding which party -- the husband or the
wife -- is to pay the alimony and silent regarding the term of payment. Although Wendy
Price appears to argue that only a woman is entitled to temporary alimony, she offers no
statutory authority or case law in support of her argument. The temporary order of
alimony is not sufficiently specific to support a criminal contempt order.

 For the reasons set forth herein, we hold that Clint Price cannot be held in criminal
contempt for violating the trial court's temporary order as written. See Ex parte
Chambers, 898 S.W.2d at 260 (The underlying decree must set forth the terms of
compliance in clear, specific, and unambiguous terms.); Ex parte Grothe, 570 S.W.2d at
184 (Husband cannot be held in contempt for violation of oral court order to pay child
support.). The application for habeas corpus relief is conditionally granted. We direct the
judge of the 88th District Court to vacate the contempt order and commitment. The writ
will issue only if the court fails to do so. 

 WRIT CONDITIONALLY GRANTED.

 PER CURIAM


Submitted on June 4, 2002

Opinion Delivered June 20, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.