IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 1, 2002

**STATE OF TENNESSEE v. KEVIN LEE PENNELL**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2000-T-515      Steve R. Dozier, Judge**

_____

**No. M2001-01863-CCA-R3-CD - Filed April 28, 2003**
_____

**DISSENTING OPINION**

I respectfully dissent from the majority's holding that the Defendant's conviction for criminal contempt of court should be affirmed. While I agree that the trial court did have the authority to suspend the Defendant's driver's license, I do not believe that the Defendant was sufficiently placed on notice that his conduct of driving a car could result in his being held in contempt.

Courts are granted contempt power by statute. "For the effectual exercise of its powers, every court is vested with the power to punish for contempt, as provided for in this code." Tenn. Code Ann. § 16-1-103. Tennessee Code Annotated section 29-9-102 defines the limits of courts' contempt power:

The power of the several courts to issue attachments, and inflict punishments for contempts of court, shall not be construed to extend to any except the following cases:
(1) The willful misbehavior of any person in the presence of the court, or so near thereto as to obstruct the administration of justice;
(2) The willful misbehavior of any of the officers of such courts, in their official transactions;
(3) The willful disobedience or resistance of any officer of the such courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of such courts;
(4) Abuse of, or unlawful interference with, the process or proceedings of the court;
(5) Willfully conversing with jurors in relation to the merits of the cause in the trial of which they are engaged, or otherwise tampering with them; or
(6) Any other act or omission declared a contempt by law.

A court's contempt power serves to maintain the integrity of its orders and vindicate its authority. See State v. Winningham, 958 S.W.2d 740, 746 (Tenn.1997).

Contempts are either civil or criminal. Civil contempt is a remedial measure meant to serve a private purpose and is not meant to deter offenses against society. See Higgins v. Lewis, 23 Tenn.App. 648, 660, 137 S.W.2d 308, 316 (1939) (quoting McCrone v. United States, 307 U.S. 61, 64, 59 S.Ct. 685, 686, 83 L.Ed. 1108, 1110 (1939)). On the other hand, criminal contempt is "punitive in character, and the proceeding is to vindicate the authority of the law and the court as an organ of society." Shiflet v. State, 217 Tenn. 690, 693, 400 S.W.2d 542, 543 (1966). Contempt can also be categorized as direct or indirect. Our supreme court has stated that "[d]irect contempt is based upon acts committed in the presence of the court, and may be punished summarily." Black v. Blount, 938 S.W.2d 394, 398 (Tenn.1996). On the other hand, "[i]ndirect [or constructive] contempt is based upon acts not committed in the presence of the court, and may be punished only after the accused has been given notice and an opportunity to respond to the charges at a hearing." Id.

The Defendant in the instant case was accused of an indirect, criminal contempt because his driving of a vehicle occurred outside the presence of the court and prevented the court from administering the law. Rule 42(b) of the Tennessee Rules of Criminal Procedure governs the prosecutions for indirect, criminal contempt:

> A criminal contempt except as provided in subdivision (a) of this rule [regarding summary disposition of direct contempt] shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the district attorney general or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. The defendant is entitled to admission to bail as provided in these rules. If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the hearing except with the defendant's consent. Upon a verdict of finding of guilt the court shall enter an order fixing the punishment.

The defendant's guilt in a criminal contempt case "must be established by proof beyond a reasonable doubt." Black, 938 S.W.2d at 398. In Black, our supreme court held that contempt is not limited to "conduct which actually interferes with a pending proceeding" but may extend to conduct following the conclusion of a proceeding as well. Id. at 401. The court concluded that "criminal contempt of court which obstructs the administration of justice includes all willful misconduct which embarrasses, hinders, or obstructs a court in its administration of justice or derogates the court's authority or dignity, thereby bringing the administration of law into disrepute." Id.

The Defendant in this case was found to have violated the implied consent law. On the judgment form, the trial judge wrote, "Defendant is found to have violated the implied consent law with a loss of license for one year." The State argues in its brief that the trial court instructed the Defendant orally from the bench that he was not to drive, and this was the order that the Defendant violated by driving. The record does not contain a transcript of the hearing at which this order was allegedly given. However, assuming that this instruction was given, I do not believe that it provided the Defendant with adequate notice that, if he drove a car, he could be held in criminal contempt of court in addition to being arrested and prosecuted for driving without a license.

Although there is no Tennessee law which directly addresses this issue, courts of other states have done so. The Texas Supreme Court has stated that a person "cannot be held in constructive contempt of court for actions taken prior to the time that the court's order is reduced to writing." Ex parte Chambers, 898 S.W.2d 257, 262 (Tex. 1995) (citing Ex parte Price, 741 S.W.2d 366 (Tex. 1987)). To hold a person in contempt for disobeying a court order, the order "must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him." Ex parte Slavin, 412 S.W.2d 43, 44 (Tex. 1967). An oral order does not comply with the requirements of Slavin in cases of indirect contempt. See Ex parte Mikeska, 608 S.W.2d 290, 291 (Tex. Civ. App. 1980); Ex parte Grothe, 570 S.W.2d 183, 184 (Tex. Civ. App. 1978). Therefore, "[u]nder Price and Chambers, violations of an oral order are not subject to constructive contempt punishment." Ex parte Waldrep, 932 S.W.2d 739, 741 (Tex. App. 1996).

Likewise, the Supreme Court of South Dakota has held that an oral order cannot serve as the basis for a finding of constructive contempt. See Karras v. Gannon, 345 N.W.2d 854, 859 (S.D. 1984). The court stated that when "it is possible to enter and serve an order, subsequent noncompliance with an oral order should rarely, if ever, constitute grounds for a contempt proceeding." Id. at 858. The Appellate Court of Illinois expressed a similar sentiment by stating that "[c]ourts must use extreme caution in holding an individual in indirect civil contempt of court based upon the violation of a court order not found in the court record." First Midwest Bank/Danville v. Hoagland, 613 N.E.2d 277, 284 (Ill. App. Ct. 1993). Finally, the United States Supreme Court stated,

> That a court of record, whose proceedings can be proved by the record alone, should, at a subsequent term, determine that an order was made at a previous term, of which no trace could be found on its records…is a proceeding of so much delicacy and danger, which is liable to so much abuse; that some of us question the existence of the power.

Bank of Hamilton v. Lessee of Dudley, 27 U.S. 492, 522, 7 L.Ed. 496, 506 (1829).

In the instant case, I am unpersuaded that the oral order of the court is sufficient to support the Defendant's conviction for indirect, criminal contempt of court. The Defendant did not receive

adequate notice or warning that, by driving an automobile, he would render himself criminally liable for contempt of court.

        Therefore, I would reverse and dismiss the Defendant's conviction for contempt of court.


                                    _____

                                    DAVID H. WELLES, JUDGE